*Mem.* SHEPLEY J. was employed in trying jury cases in the county of Washington when this and the two following cases were argued, and took no part in the decisions.

---

### PHINEHAS HIGGINS *versus* SHUBAL BROWN.

If a person sells goods belonging to another without authority, and receives the proceeds of the sale in money, he holds this money to the use of the owner of the goods, who may maintain an action for money had and received therefor.

And if the owner of the goods makes his claim for the money, and it is by mutual arrangement deposited in the hands of a stakeholder to await a decision in regard to the right of property, and the seller of the goods afterwards persuades the stakeholder to deliver the money to him, without the consent or privity of the other party, he must be considered as having waived the benefit of the arrangement, and becomes at once without demand answerable to the owner of the goods for the money for which they were sold.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Assumpsit for money had and received, wherein the plaintiff claimed to recover the proceeds of the sale of a quantity of wood by the defendant, belonging to the plaintiff. The writ was dated Sept. 30, 1839. In the winter of 1838, the defendant and Daniel Bridges made an arrangement whereby Bridges was to cut and haul to the wharf from land belonging to Brown a quantity of wood. This was done. On the

trial, the defendant attempted to show that he was to pay
Bridges a sum of money equal to one fourth of the value
of the wood for his services, and the plaintiff offered evi-
dence tending to show, that one fourth of the wood hauled to
the wharf, was the property of Bridges.  On April 17, 1838,
Bridges sold his one fourth of the wood to the plaintiff.  Near
the close of the year 1838, the defendant sold all the wood,
including the fourth part in controversy, to the master of a
vessel then at the wharf, who commenced taking it off.  The
plaintiff forbid the taking, claiming one fourth as his, but the
whole was taken.  The exceptions state, that Lake, a witness,
testified in these terms.  " The captain called on me to survey
the wood, and Brown was with him, and I surveyed it from
Brown to the captain.  The plaintiff objected to the captain's
taking the wood, but finally assented to it, if he could have
one fourth of its proceeds.  It was agreed between the cap-
tain and plaintiff, that one fourth of the pay should be de-
posited with me for future consideration.  It was put into my
hands to await the decision of the Bridges claim.  The plain-
tiff assented to the arrangement which was made by the cap-
tain and Brown.  I think the plaintiff was present and forbid
the captain paying the money to Brown.  A quarter was put
into my hands to await the decision to whom it belonged,
Bridges or Brown.  I do not distinctly recollect that the plain-
tiff was there.  Brown claimed all the wood.  I delivered the
proceeds of the quarter, $32,50, to Brown and took his obli-
gation to refund it, if it did not belong to him.  I consider it
as now being in my hands.  If Bridges' claim was good, this
money was to be the plaintiff's.  They talked about a refer-
ence as between Brown and Bridges."

The defendant contended that the plaintiff had agreed, or
had assented to an agreement, that the money should be de-
posited with Lake to await the decision as to the rights between
Brown and Bridges ; that no decision had been made ; that the
plaintiff therefore could not maintain any action against any
one ; that if an action was maintainable, it must be against
Lake ; and that no action could be maintained against Brown
for the money without a demand therefor.

The plaintiff contended that he had never made any agreement, or assented to any, that the money should ever be paid to Lake, and certainly not to await the decision of the defendant's and Bridges' rights, as that would be inconsistent with his prior claims and acts, and put his rights upon the issue of a question he had no means of compelling a decision upon; that this agreement was at the captain's request, who might be in danger of paying the money twice, and that it was solely between the defendant and the captain; and that if he had assented to it, the situation of the parties had since been so changed by the voluntary act of the defendant in taking the whole proceeds of the sale of the wood into his hands and for his use, and that he was liable to this action without any demand upon him for the money.

The Judge instructed the jury, that if they were satisfied the bargain between the defendant and Bridges was, that the latter should receive one fourth of the proceeds of the wood, or a sum equal to it, and that he had no interest in the wood, but that all the wood was Brown's, the plaintiff acquired nothing in the wood by his bargain with Bridges, and could not maintain the action. But if they were satisfied, that by the bargain between Brown and Bridges, one fourth of the wood belonged to the latter, and that he had sold it to the plaintiff—and that the defendant had sold it to the captain of the vessel, and had received the money for it—the plaintiff would, so far as this transaction was concerned, maintain the action, and they should give him a verdict for such sum as the wood was then worth, with interest from the date of the writ; that if the plaintiff was not a party to the agreement to deposit the money with Lake, of which they must judge, nor assented to the agreement, the plaintiff's right to recover would not be altered, nor affected by the deposit so made, nor by any decision under the agreement; that if the jury were satisfied, that the plaintiff was a party to this agreement, or assented to the money being so deposited, although no decision in regard to the right to the wood as between Brown and Bridges had been made, nor any request therefor had been made by the plaintiff, yet if they

were also satisfied, that the money had been paid to the defendant by his procurement and voluntary act without the assent of the plaintiff, all motives for the plaintiff to have a decision being removed by this change in the condition of the parties, and that a reasonable time had elapsed before this suit was brought for the defendant and Bridges to have had a decision, then the plaintiff's right to maintain this action would not be altered, although no demand had been made by the plaintiff for the money, and although Lake still considered the money as in his possession, having in fact paid it over to the defendant, taking his indemnity for security.

The verdict was returned for the plaintiff, and the defendant filed exceptions.

*Hathaway,* for the defendant, contended : —

1. The money being deposited with a stakeholder or trustee generally, by agreement of the parties, the trustee, and he only, was liable to the rightful owner. 9 East, 378 ; Hammond on Parties, 52 ; 1 Saund. Pl. & Ev. 142 ; *Ulmer* v. *Paine,* 1 Greenl. 84.

2. If the defendant was liable to the plaintiff, it was not in this form of action.

3. As there was no demand made, nor request for a reference or decision, nor attempt to ascertain to whom the money rightfully belonged, the action cannot be maintained. *Ulmer* v. *Paine,* 1 Greenl. 88.

4. If a man takes upon himself the responsibility of a stakeholder, he must defend himself as well as he can ; and that it may be a hardship upon him, ought not to be taken into consideration. He may generally be secured, and he was so here. 2 Kent, 567 ; 2 Story's Eq. 110 to 128.

*Pond* argued in support of the instructions of the District Judge, contending that each particular was in accordance with the law on the subject.

To show that the action was rightly brought for the money, the defendant having received it for the plaintiff's wood, he cited Doug. 137 ; 5 Greenl. 381 ; 9 Mass. R. 538 ; 12 Mass. R. 34 ; 3 Pick. 420 ; 15 Maine R. 285 ; 17 Mass. R. 560.

To show that the instruction in relation to the omission of the plaintiff to make a demand of the money was right, he cited 7 Greenl. 72; 14 Pick. 428; 10 Pick. 20; 5 Pick. 334; 12 Pick. 150.

The question was properly left to the jury, and they decided rightly. 1 Salk. 11; 1 Bac. Ab. 89; 1 Strange, 480; Cro. Jac. 183; 1 Esp. R. 130; 2 Salk. 309; 1 Saund. 35.

The opinion of the Court, (SHEPLEY J. being absent,) was by

WESTON C. J. — The wood in controversy, the jury have found, was the property of Daniel Bridges, of whom the plaintiff purchased it. The defendant was fully apprized of this fact, having himself sold the wood to Bridges. It appears that he sold it a second time to a third person, and that he has actually received the proceeds. It is very clear, that he holds this money to the use of the plaintiff, to whom the wood belonged, and is liable to his action for it, unless the plaintiff's remedy has been suspended by the arrangement made with Lake, who received the money as a stakeholder. If this was done by the consent of the plaintiff, which is controverted, when the defendant persuaded Lake to pay to him the sum he had received without the privity or consent of the plaintiff, in violation of that arrangement, he must be considered as having waived the benfit of it, and he became at once answerable to the plaintiff, if he was in fact the owner of the wood.

*Exceptions overruled.*